UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEREMY STALLMAN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>FIRST UNUM LIFE INSURANCE COMPANY, KASOWITZ, BENSON & TORRES, LLP, and KASOWITZ, BENSON & TORRES, LLP LONG TERM DISABILITY PLAN,<br><br>　　　　　　　Defendants. | Civil Action No. 23-20975 (JXN)(LDW)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

      Before the Court is Plaintiff Jeremy Stallman's ("Stallman" or "Plaintiff") appeal of Magistrate Judge Leda Dunn Wettre's ("Judge Wettre") Memorandum Opinion and Order dated December 4, 2024 ("Memo Order") (ECF No. 23), which granted in part and denied in part Plaintiff's motion to compel discovery. (ECF No. 26.) Defendant First Unum Life Insurance Company ("First Unum" or "Defendant") opposed the appeal (ECF No. 29), and Plaintiff replied (ECF No. 32). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons that follow, Plaintiff's appeal is **DENIED,** and Judge Wettre's Memo Order is **AFFIRMED**.

    **I.**    **BACKGROUND**

      The Court assumes the parties' familiarity with the facts and procedural history, including as detailed in Judge Wettre's Memo Order, which provides a thorough recitation of the background

of this case and articulates the parties' arguments on the underlying motion to compel. (*See* ECF No. 23.) As such, the Court recounts only those facts necessary to the instant appeal.

This action, brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), arises from a dispute over disability insurance benefits. (*See generally* Complaint ("Compl."), ECF No. 1.) Plaintiff, a former attorney at Defendant Kasowitz Benson & Torres LLP ("KBT"), seeks long-term disability ("LTD") benefits under the ERISA-governed employee welfare benefit plan sponsored by KBT ("the Plan"). (Compl. ¶¶ 3, 5, 11.) First Unum funded the Plan, which provided for both short-term disability ("STD") and LTD disability benefits, and was also responsible for claim adjudication under the Plan. (Compl. ¶ 7; *id*., Ex. A, ECF 1-2.)

In September 2019, Plaintiff received STD benefits for a fractured pelvis and was medically cleared to return to work effective November 1, 2019. (Compl. ¶¶ 20–23.) Several months later, on January 9, 2020, Plaintiff filed a separate claim for LTD benefits based on a different alleged medical condition. (*Id*. ¶¶ 28–31.) Defendant denied the LTD claim, concluding that the medical evidence did not support disability, and that Plaintiff was not covered under the policy as of November 1, 2019. (*Id*. ¶ 40.) After exhausting administrative appeals, Plaintiff commenced this action. (*Id*. ¶¶ 1, 41, 48.)

On June 7, 2024, Plaintiff moved to compel discovery, seeking inclusion of his STD claim file in the administrative record, limited discovery concerning the completeness of the record,[1] extra-record discovery into Defendant's alleged conflict of interest, and discovery related to Defendant's affirmative defenses. (ECF No. 18.) On December 4, 2024, Judge Wettre granted in part and denied in part Plaintiff's motion, concluding that Plaintiff's STD claim is not part of the

---

[1] Specifically, Plaintiff sought production of: (1) his STD claim file; (2) First Unum's claims manual and guidelines; and (3) various emails and instant messages related to his LTD claim. (*See* ECF No. 18-1 at 15.) First Unum agreed to provide items (2) and (3) above, despite its position that Plaintiff is not entitled to this discovery. (*See* ECF 21 at 20, 23.) Thus, Judge Wettre noted that Plaintiff's requests for (2) and (3) were moot. (ECF No. 23 at 4.)

2

administrative record for his LTD claim (ECF No. 23 at 6-7), and granted limited discovery regarding the completeness of the administrative record and the structural conflict-of-interest by First Unum (*Id*. at 10-16).[2]

On January 9, 2025, Plaintiff filed the instant appeal of Judge Wettre's Memo Order. (ECF No. 26.) Defendant opposed the appeal (ECF No. 29), and Plaintiff replied (ECF No. 32). This matter is now ripe for consideration.

## II. <u>LEGAL STANDARD</u>

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court. 28 U.S.C. § 636(b)(1)(A). The district court will reverse a magistrate judge's decision on these matters only if it is "clearly erroneous or contrary to law." *Id*.; Federal Rule of Civil Procedure 72(a); Local Civil Rule 72.1(c)(1)(A). Findings of fact are clearly erroneous only where the reviewing court is left with a definite and firm conviction that a mistake has been made, and legal conclusions are contrary to law only if the magistrate judge misapplied governing precedent. *Lithuanian Com. Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213 (D.N.J. 1997).

"Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied." *Experian Info. Sols., Inc. v. List Servs. Direct, Inc*., No. 15-3271, 2018 WL 3993449, at *3 (D.N.J. Aug. 21, 2018).

---

[2] Judge Wettre granted Plaintiff's request in part and allowed Plaintiff to serve one interrogatory addressing "whether the compensation or performance evaluations of First Unum's claims and medical personnel involved in plaintiff's LTD claim decision has been based, during relevant time periods, in any respect on the outcome of their claims determinations." (ECF No. 23 at 15, 17.)

### III. <u>DISCUSSION</u>

In an action challenging an ERISA plan fiduciary's adverse benefits decision pursuant to 29 U.S.C. § 1132(a)(1)(B), the scope of discovery is determined by the standard of review the Court will ultimately apply. *See Adirzone v. Thomas Jefferson Univ.*, No. 24-4086, 2025 WL 972832, at *2 (D.N.J. Apr. 1, 2025) (citing *Noga v. Fulton Financial Corporation Employee Benefit Plan*, 19 F.4th 264, 272-73 (3d Cir. 2021)). Courts review the denial of benefits challenged under ERISA *de novo*, unless the "benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

Where a claim for benefits is reviewed under the arbitrary and capricious standard, the record on review is generally limited to "that evidence that was before the administrator when it made the decision being reviewed[,]" i.e., the administrative record. *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 440 (3d Cir. 1997), *abrogated on other grounds as stated* in *Miller v. American Airlines, Inc.*, 632 F.3d 837, 847 (3d Cir. 2011); *Kosiba v. Merck & Co.*, 384 F.3d 58, 69 (3d Cir. 2004). Nonetheless, "[e]vidence beyond the administrative record may in certain circumstances be relevant and admissible as to issues that were not before the plan administrator—such as trustee conflict of interest, bias, or a pattern of inconsistent benefits decisions." *Otto v. W. Pa. Teamsters & Emps. Pension Fund*, 127 F. App'x 17, 21 n.7 (3d Cir. 2005).

#### A. Administrative Record and the STD Claim File

Plaintiff argues that Judge Wettre erred in concluding that the STD claim file was not part of the administrative record for his LTD claim. (ECF No. 26-1 at 5–14.) The Court disagrees.

It is undisputed that the arbitrary and capricious standard of review applies in this case, as First Unum, the Plan administrator, is vested with discretionary authority to determine eligibility

for disability benefits and construe the Plan's terms. (*See* ECF No. 26 at 3, 4; ECF No. 29 at 3.) As such, this Court's review will generally be limited to the administrative record before First Unum at the time of the benefits determination. *See Noga*, 19 F.4th at 271–72 ("Under the ERISA record rule, judicial review of an ERISA fiduciary's discretionary adverse benefit decision is confined to the information contained in the administrative record); *Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 793 (3d Cir. 2010) (explaining that, under most circumstances, the administrative record cannot be supplemented during litigation (internal quotation marks omitted); *Mitchell*, 113 F.3d at 440 (explaining that for an adverse benefit determination, the "'whole' record consists of that evidence that was before the administrator when he made the decision being reviewed" (citations omitted)); *see also* 29 C.F.R. § 2560.503-1(m)(8) (identifying categories of information relevant to a benefit determination). That record includes materials relied upon, considered, or generated in connection with the determination at issue—not all documents a claimant later characterizes as "relevant." *Doroshow v. Hartford Life & Accident Ins. Co.*, 574 F.3d 230, 234 (3d Cir. 2009).

Here, while Plaintiff's STD benefits were known to Defendant, the record does not reflect that the STD claim file was relied upon, submitted, considered, or generated in the course of making the LTD benefits determination at issue here. (*See* Ex. E at 3-16, ECF No. 18-7.) The LTD file references the existence of Plaintiff's STD claim and includes a request to copy limited medical images and contact information. (*Id*. at 10-12.) First Unum indicates that to the extent any information from the STD claim was relevant to or used in evaluating Plaintiff's LTD claim, that material was already included in the LTD administrative record. (ECF Nos. 29 at 12.) Moreover, Plaintiff fails to point to anything determinative in the administrative record produced by First Unum to indicate that the LTD claim administrator considered the STD file. Instead, as noted

above, the administrative record acknowledges the STD claim's existence, which is insufficient to render it part of the administrative record.

Further, Judge Wettre correctly rejected Plaintiff's argument that the STD file is part of the administrative record simply because Plaintiff believes it is "relevant." (ECF No. 23 at 6–7.) Plaintiff's STD claim arose from a pelvic fracture sustained in September 2019, and concluded when he was released to return to work without restrictions on November 1, 2019. (Compl. ¶¶ 20–23; ECF 18-7 at 3.) Approximately two months later, Plaintiff filed a separate disability claim based on depression, asserting an onset date of January 3, 2020. (ECF 21-2 at 1-4.) And while Plaintiff states that he began treatment for depression in October 2019 (ECF No. 26-1 at 6), on November 26, 2019, Plaintiff confirmed in a telephone call with First Unum that he was released to return to work around November 1, 2019, and "can perform all duties of his occupation at this time." (ECF No. 18-7 at 9.) Additionally, First Unum explains that the STD and LTD claims are maintained as separate and distinct files, which weighs against a finding that the STD file is "relevant" under the ERISA regulations. (ECF No. 29 at 9-10.) *See* 29 C.F.R. § 2560.503-1(m)(8). Plaintiff has not put forth any evidence indicating that the entire STD file was relevant to or formed a basis for the LTD claim denial. (*Id*.) Accepting Plaintiff's position would expand the administrative record to a degree unsupported by Third Circuit precedent. *See See Noga*, 19 F.4th at 271–72; *Howley*, 625 F.3d at 793; *Mitchell*, 113 F.3d at 440; *see also Doroshow*, 574 F.3d at 234. Plaintiff's reliance on two unrelated cases in which an STD file was produced alongside an LTD record (*see* ECF 26-1 at 12) does not establish a regular practice or justify extra-record discovery. Isolated occurrences are insufficient to show relevance here.

Plaintiff's reliance on *Miller*, 632 F.3d 837, is misplaced. As Judge Wettre noted, *Miller* involved procedural irregularities and the termination of previously granted LTD benefits without

6

new evidence—circumstances absent here. (*See* ECF No. 23 at 15.) Specifically, Plaintiff filed two separate claims, months apart, based on different alleged disabilities. (Compl. ¶¶ 20–31.) Although Defendant was aware that Plaintiff previously received STD benefits, Plaintiff fails to set forth evidence that information from the STD claim was material to the LTD determination, or that Defendant acted arbitrarily or capriciously in the separate treatment of the claims. (ECF No. 21 at 21–22.)

To the contrary, the record reflects that the STD and LTD claims arose independently, at separate times, and under different circumstances. Accordingly, Judge Wettre's conclusion that the STD claim file is not part of the LTD administrative record is supported by the evidence and will be affirmed.

### B.  Conflict-of-Interest Discovery

Plaintiff next contends that the Magistrate Judge erred in denying extra-record discovery concerning Defendant's alleged conflict of interest. (ECF No. 26-1 at 20–25.) The Court again disagrees.

While the Third Circuit has not adopted a standard for determining whether conflict of interest discovery may be pursued, *Choi v. Unum Life Ins. Co. of Am.*, No. 24-06338, 2025 WL 2234903, at *3 (D.N.J. Aug. 6, 2025), Judge Wettre correctly noted that courts in this District have consistently required plaintiffs to identify a reasonable basis to suspect that a conflict influenced the benefits determination. (*See* ECF No. 23 at 11-12) (citing various cases); *see also Choi*, 2025 WL 2234903, at *3. This Court will follow suit.

The mere fact that an insurer both evaluates and pays claims does not, standing alone, warrant conflict-of-interest discovery. *See Noga*, 19 F.4th at 276; *Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105, 117-18 (2008); *Dowling v. Pension Plan for Salaried Emps. of Union Pac. Corp. &*

7

*Affiliates*, 871 F.3d 239, 250–51 (3d Cir. 2017); *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 121–22 n.3 (3d Cir. 2012) (stating that a conflict of interest "is not, however, inherently a determinative factor" (citation omitted)). Rather, "that conflict must be weighed as [one] factor," *Noga*, 19 F.4th at 276 (quoting *Firestone*, 489 U.S. at 115). Instead, to support such discovery, courts look for indicia of procedural irregularity, such as unexplained reversals of position, selective reliance on evidence, or failure to conduct a full and fair review. *See Taylor v. Sheet Metal Workers' Nat'l Pension Fund*, No. 24-4321, 2024 WL 4471683 (D.N.J. Oct. 11, 2024), *reconsideration denied*, 2025 WL 36348 (D.N.J. Jan. 3, 2025).

Plaintiff identifies no such irregularities here. Instead, Plaintiff rests primarily on Defendant's alleged history of biased claim determinations, dual role as evaluator and payor, and on Defendant's use of a claims-tracking tool—conduct Plaintiff himself acknowledges may be innocuous. (ECF Nos. 22 at 15; 26-1 at 17-18.) Nevertheless, Judge Wettre allowed limited discovery on this issue and appropriately weighed Defendant's sworn representation that claims personnel are not evaluated or compensated based on claim outcomes. (ECF Nos. 26-1 at 17-19; 23 at 14–15.)

Unlike *Howley*, where the Third Circuit found substantial evidence that a conflict directly affected the benefits decision, here, Plaintiff offers no evidence beyond the existence of a structural conflict common to many ERISA plans (see ECF No. 23 at 10–13), which again, standing alone, does not warrant conflict-of-interest discovery. *See Noga*, 19 F.4th at 276; *Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105, 117-18 (2008); *Dowling*, 871 F.3d at 250–51; *Fleisher*, 679 F.3d at 121–22 n.3. Under such circumstances, Judge Wettre acted well within Her Honor's discretion to deny broader extra-record discovery. *See Doroshow*, 574 F.3d at 234–35; *Irgon* v. *Lincoln Nat'l Life Ins. Co.*, No. 13-4731, 2013 WL 6054809, at *5–6 (D.N.J. Nov. 15, 2013).

Next, Plaintiff attempts to supplement the record by introducing new evidence in the form of First Unum's history of financially incentivizing medical and claims personnel to work toward denying claims. (*See* ECF No. 26-1 at 18; Ex. A, ECF No. 8-3; Ex. B, ECF No. 8-4). Plaintiff failed to present such evidence to Judge Wettre in support of his claim. The Court cannot rely on such new evidence to determine whether Judge Wettre's ruling was clearly erroneous or contrary to law, and accordingly will not consider it. *See Nasdaq, Inc. v. Miami Int'l Holdings, Inc.*, No. 17-6664, 2021 WL 12111843, at *1 (D.N.J. Mar. 10, 2021) (citing *Haines v. Liggett Group Inc.*, 975 F.2d 81 (3d Cir. 1992) (stating district court is not permitted to receive new evidence in reviewing magistrate's ruling on non-dispositive matter)); *see also Capital Health Sys., Inc. v. Veznedaroglu*, No. 15-8288, 2021 WL 1712539, at *4 (D.N.J. Apr. 30, 2021); and *Hunt v. Borough of Wildwood Crest*, No. 12-6887, 2016 WL 5723656 at *3 (D.N.J. Sept. 29, 2016).

Based on the foregoing, the Court finds as follows that Judge Wettre correctly concluded that Plaintiff failed to establish a reasonable suspicion of misconduct sufficient to justify extra-record conflict of interest discovery. Further, that Judge Wettre appropriately allowed Plaintiff narrow discovery, one interrogatory, to address "whether the compensation or performance evaluations of First Unum's claims and medical personnel involved in plaintiff's LTD claim decision have been based, during relevant time periods, in any respect on the outcome of their claims determinations." (ECF No. 23 at 15, 17.)

Because Plaintiff's appeal seeks review of Judge Wettre's determination of a discovery ruling, a matter within the exclusive authority of the Magistrate Judge, the abuse of discretion standard applies. *Experian Info. Sols., Inc. v. List Servs. Direct, Inc.*, No. 15-3271, 2018 WL 3993449, at *3 (D.N.J. Aug. 21, 2018). Plaintiff fails to establish abuse of discretion or any other basis to overturn Judge Wettre's decision. Accordingly, Plaintiff's appeal is denied.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff has not demonstrated that Judge Wettre's decision was clearly erroneous, contrary to law, or an abuse of discretion. Accordingly,

**IT IS** on this 29th day of December 2025,

**ORDERED** that Plaintiff's appeal (ECF No. 26) is **DENIED,** and Judge Wettre's December 4, 2024 Memo Order (ECF No. 23) is **AFFIRMED**.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge